IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARLTON P. STROTHER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 13-1230-CV-W-ODS-P |
| | ) Crim. No. 06-00112-01-CR-W-ODS |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

ORDER AND OPINION GRANTING MOVANT'S MOTIONS TO EXPAND THE RECORD
AND DENYING MOVANT'S MOTIONS FOR POSTCONVICTION RELIEF

Pending are Carlton P. Strother's ("Movant") Motions to Expand the Record and Motions for Postconviction Relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The Motions to Expand are granted, but the Motions for Postconviction Relief pursuant to § 2255 are denied.

A. BACKGROUND

Movant was sentenced to 234 months' imprisonment after a jury convicted him of conspiracy to commit aggravated identity theft, conspiracy to commit identity theft, aggravated identity theft, and access device fraud. The Eighth Circuit affirmed Movant's conviction and sentence. *See United States v. Jenkins-Watts*, 574 F.3d 950, 959-62 (8th Cir. 2009). On October 5, 2010, Movant filed his initial motion pursuant to 28 U.S.C. § 2255. This Court held an evidentiary hearing on two of the claims: (1) whether Movant's counsel had properly conveyed a plea offer to him, and (2) whether Movant had been sentenced above the 15-year statutory maximum for certain counts for which he had been convicted. In May 2012, the Court entered judgment reflecting that all but one of Movant's claims were denied. The Court granted relief on one ground and resentenced Movant to correct irregularities in his initial sentence. *Strother v. United States*, No. 10-0976-CV-W-ODS-P. Even though the sentences on some of the counts were changed, the total amount of imprisonment for Movant remained 234 months. Then Movant appealed, raising issues regarding (1) the communication of a plea offer

and (2) whether this Court was vindictive in its resentencing of Movant. The Eighth Circuit affirmed this Court's judgment on both issues. *United States v. Strother*, 509 Fed. Appx. 571 (8th Cir. 2013). Movant has now filed § 2255 motions relating to events during the May 2012 resentencing. The Court will treat the various filings as a single motion for post-conviction relief.

## B. <u>LEGAL STANDARD</u>

A claim of ineffective assistance of counsel is governed by the standard set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (internal citations omitted). Failure to satisfy both prongs is fatal to the claim. *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Additional considerations apply when the claim is that appellate counsel was ineffective.

> "When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to success, counsel will not be held to be ineffective for failure to raise every conceivable issue."

*Winters v. United States*, 716 F.3d 1098, 1106 (8th Cir. 2013) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006)). Accordingly, a court's review "is particularly deferential when reviewing a claim that appellate counsel failed to raise an additional

issue on direct appeal." *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013).

Finally, the Court is not required to grant him an evidentiary hearing on his motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court finds this to be the case, and an evidentiary hearing is not required.

### C. DISCUSSION

#### 1. Ground One

Movant argues his counsel was ineffective because he did not challenge the validity of his resentencing and because he did not request a sentencing hearing for the resentencing. Assuming without deciding that counsel violated the performance prong, Movant did not suffer any prejudice. Here, it was the Court's "original intention…to sentence Strother to 234 months' imprisonment, and the Court continue[d] to believe that 234 months [was] the appropriate total sentence." Doc. #39. The Court's original intent for Movant's sentence and the Court's subsequent resentencing were consistent. Movant does not suggest what counsel could have said that would have altered the Court's intent, and the Court confirms that, based on the information it had from the trial and the original sentencing hearing, its intention would not have changed. Thus, Movant did not suffer any prejudice.

#### 2. Ground Two

Movant argues counsel was ineffective for failing to challenge the relevant conduct under 2B1.1, asserting this Guideline provision "is ambiguous because it states that no relevant conduct can be charged for an [underlying] offense when charged with this statu[t]e." Doc. #1. As a preliminary matter, Movant does not clearly explain his argument, identify the alleged ambiguity, or specify how this alleged ambiguity was harmful to him. Therefore, it is impossible to conclude that counsel was ineffective for not raising this argument.

More importantly, Movant's direct appeal of his initial sentence raised issues regarding U.S.S.G. § 2B1.1. *See U.S. v. Jenkins-Watts*, 574 F.3d 950, 960-62 (8th Cir.

3

2009). The Eighth Circuit determined this Court properly computed Movant's Sentencing Guidelines pursuant to § 2B1.1. *Id.* Issues with respect to § 2B1.1 already have been resolved and cannot be challenged again in this proceeding. Counsel could not have been ineffective for failing to re-raise a claim that had already been resolved on direct appeal.

### 3. Ground Three

Movant argues the Court erred by ordering him to pay restitution for crimes for which he was not convicted. First, the Court notes restitution was included in the original sentence, and the sentence was affirmed on direct appeal. A post-conviction proceeding cannot be used as a substitute for a direct appeal. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Second, while he does not explicitly couch this in terms of ineffective assistance of counsel, to the extent that he does, the issue had to be raised in his first post-conviction proceeding. Finally, there could be no prejudice from counsel's failure to raise the issue, because the Eighth Circuit has held "a federal prisoner cannot challenge the restitution portion of his sentence under section 2255, because the statute affords relief only to prisoners claiming a right to be released from custody." *Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013)(citing *United States v. Bernard*, 351 F.3d 360 (8th Cir. 2003)). The Eighth Circuit has also held "that restitution may be ordered for criminal conduct that is part of a broad scheme to defraud, even if the defendant is not convicted for each fraudulent act in the scheme." *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007).

### 4. Ground Four

Movant argues his counsel was ineffective because he did not properly advise Movant about the details of a plea offer. Movant maintains his counsel advised him the Government offered a 30 month reduction in his sentence if Movant waived his remaining claims in his initial § 2255 motion. Movant also maintains counsel advised that if Movant accepted the plea offer, Movant would not be able to appeal the resentencing. Movant claims he learned later that he could have appealed the resentencing under the terms of the plea offer, and if he had known that, he would have

accepted the plea offer. Doc. #13.

To support his claims, Movant has supplied an email and a letter from the attorney who represented him in the initial post-conviction proceeding. Contrary to Movant's assertions, it appears Movant did not reject the plea offer because the Government insisted on an appeal waiver. Instead, Movant rejected the plea offer because the terms required him to abandon his remaining § 2255 claims, and he was unwilling to do this.

It may be that the Government also wanted an appeal waiver. However, the communications supplied by Movant do not establish this point, nor do they establish that this was the reason Movant rejected the plea offer. In an affidavit, he suggests that an appeal waiver was a term of the proposed agreement, but he does not explain his theory that he could have appealed even with an appeal waiver.

### 5. Ground Five

Movant argues his appellate counsel was ineffective because his appellate counsel advised him that he could not appeal his resentencing absent a certificate of appealability, and Movant wanted to raise other sentencing issues, including "whether the relief was appropriate under 2255, whether the new sentence was in conformity with the Constitution or Sentencing Guidelines." Assuming without deciding that Movant did not need a certificate of appealability to appeal aspects of his new sentence (i.e. the relief on the ground that was granted), Movant has not identified specific legal arguments which should have been raised on appeal. His general statements regarding § 2255, the Constitution, and the Sentencing Guidelines are insufficient.

Movant also argues appellate counsel was ineffective for not raising a claim of prosecutorial vindictiveness. Movant asserts the Government was vindictive because the Government initially offered him a 30 month reduction in his resentencing if he waived his remaining claims in his initial § 2255 motion, but later the Government withdrew this offer. Indeed, the Government offered a 30 month reduction in Movant's resentencing if he agreed to drop his remaining claims. But Movant refused to drop his remaining claims, and thus the Government withdrew its offer. This transaction does not indicate the Government was vindictive, rather it indicates Movant refused a plea

5

offer.

### 6. Ground Six

Finally, Movant argues this Court lacked jurisdiction to resentence him. In particular, Movant points to 18 U.S.C. § 3582(c)(1)(B) which authorizes a court to modify a sentence "to the extent permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Movant notes Rule 35 provides certain timelines within which the Court may correct a sentence. Movant argues this Court resentenced him outside of Rule 35's prescribed timelines.

While the Court may correct a sentence pursuant to Rule 35, the Court also may do so pursuant to § 2255(a). Here, an error was identified in the initial sentencing, and the Court corrected this error pursuant to its authority found in § 2255. Therefore, the Court had jurisdiction to resentence Movant.

### 7. Denial of Certificate of Appealability

The Court has denied Movant's application for post-conviction relief pursuant to Section 2255. In order to appeal, Movant must obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the Order regarding post-conviction relief because the issues are fresh in the Court's mind and efficiency is promoted. *See* Rule 11, Rules Governing Section 2254/2255 Proceedings.

A Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 332, 336 (2003)(quotation omitted). None of the issues raised in Movant's motion for post-conviction relief satisfy the showing required by § 2253(c)(2).

6

D.  CONCLUSION

For the foregoing reasons, Movant's request for relief under 28 U.S.C § 2255 is denied, and the Court declines to issue a Certificate of Appealability. Finally, the Court grants Movant's Motions to Expand and denies Movant's Request for Appointment of Counsel.

IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 3, 2015                      UNITED STATES DISTRICT COURT